**NOT FOR PUBLICATION**

RECEIVED

OCT 4 2005

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MALVERN L. LEWIS, | Civil No. 04-3240 (GEB) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| CITY OF TRENTON, , et al., | |
| Defendants. | |

**APPEARANCES:**

> MALVERN L. LEWIS,#829871B, <u>Pro Se</u>
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625

**BROWN, JR.**, Chief Judge

Plaintiff Malvern L. Lewis, a prisoner incarcerated at New Jersey State Prison, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward it to the Clerk of the Court; and (5) directs the NJDOC to forward payments from

Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the total of $250.00 is paid in full.  See 28 U.S.C. § 1915(a), (b).  The Court has reviewed the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of the Complaint is required.

## I.  BACKGROUND

Plaintiff seeks damages for the alleged violation of his constitutional rights by 48 Defendants involved in his arrest, criminal prosecution, and criminal trial.  He asserts the following facts in support of his claim.  Plaintiff alleges that on May 7, 2000, Ewing Township police officers arrested him at Moody Park, without probable cause.  He asserts that the police officers failed to read him the warnings required by Miranda at the time of the arrest.  He states that the police handcuffed him and drove him to the Ewing Police Department and questioned him as to the whereabouts of a white Mazda automobile owned by his mother.  Plaintiff alleges that the police illegally towed the car to the police department without consent, a search warrant or probable cause.  Plaintiff asserts that the police also searched his residence in Ewing Township without consent, probable cause or a search warrant.

Plaintiff alleges that the officers thereafter read him his Miranda rights and transported him to the Homicide Division of

the Police Department of the City of Trenton.  Plaintiff maintains that Trenton police interrogated him about the murder of Clerance Brown in Trenton on May 7, 2000, even though he asserted his right to remain silent.  Plaintiff asserts that Det. Schroeder and Sgt. Tramontana issued a criminal complaint and a warrant without a judge's signature.  He alleges that Assistant Prosecutor Thomas Meidt subsequently presented an illegal and unconstitutional indictment against him for first degree murder on April 4, 2001.

Plaintiff states that he was tried before a jury in 2003 and convicted of first degree murder on March 19, 2003.  Plaintiff asserts that Assistant Mercer County Prosecutors Kimberly Lacken and Kathleen Patrucci conspired with Superior Court Judge Paul Koenig and defense counsel Gerald Boswell to convict him.  He alleges that they tampered with a jury, fabricated documents, and tampered with evidence, including the results of a DNA test. Plaintiff complains that his defense attorney failed to call defense witnesses, allowed the judge to enter the jury room after jury selection was completed, falsely told the jury that Plaintiff would testify in his own defense, refused to subpoena witnesses for the Miranda hearing, and allowed the trial to continue with a tainted jury.

Plaintiff asserts that Sergeant Garkowski falsely testified at trial that he was a blood spatter expert, and that Dr. Ahmad,

3

the medical examiner, falsely testified about the autopsy and time of death. He alleges that Detective Schroeder testified that, when Schroeder questioned Plaintiff about the homicide, Plaintiff's response was, "No one can help me now."

Plaintiff asserts that while the jury was deliberating and in order to taint the jury, Assistant Prosecutor Lacken purposely misinformed the Trenton Times and the Trentonian newspapers that Plaintiff had received an "other than honorable" discharge from the United States Army. Plaintiff states that the jury convicted him of first degree murder on March 19, 2003.

Plaintiff seeks declaratory relief, injunctive relief, and damages for violation of his constitutional rights.

## II.   LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to sua sponte review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6.

## III.   DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

>   suit in equity, or other proper proceeding
>   for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all.'" Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed"). The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's Complaint, the Court reads the Complaint as asserting the following claims under § 1983: (A) the arrest, searches and custodial interrogation in May 2000 violated Plaintiff's Fourth and Fifth Amendment rights, and (B)

Defendants committed the constitutional tort of malicious prosecution.

The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, <u>see</u> <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 269 (3d Cir. 2000), provides in relevant part:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  U.S. Const. amend IV.  The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.  <u>Albright v. Oliver</u>, 510 U.S. 266, 274-75 (1994); <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 483 (3d Cir. 1995).  Police officers violate the Fourth Amendment when, without probable cause to arrest, they take a person into custody, transport him to the police station, and detain him for interrogation.  <u>Dunaway v. New York</u>, 442 U.S. 200, 206-216 (1979).

When a warrantless search is made pursuant to an arrest, "[t]he constitutional validity of the search . . . must depend upon the constitutional validity of the . . . arrest."  <u>United States v. Kithcart</u>, 134 F.3d 529, 531 (3d Cir. 1998) (quoting <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964)).  And when the police obtain a confession through the exploitation of an illegal custodial interrogation, the Fourth and Fifth Amendments are

implicated.[1]   See Brown v. Illinois, 422 U.S. 590, 601 (1975).   A

confession taken during a custodial interrogation without the

provision or waiver of Miranda warnings violates the Fifth

Amendment.   Thompson v. Keohane, 516 U.S. 99 (1995).[2]

    The Supreme Court held in Heck v. Humphrey, 512 U.S. 477,

486 (1994), that, "when a state prisoner seeks damages in a §

1983 suit, the district court must consider whether a judgment in

favor of the plaintiff would necessarily imply the invalidity of

his conviction or sentence; if it would, the complaint must be

dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated."   Id.   Under

Heck, § 1983 claims for damages attributable to an

unconstitutional conviction or sentence do not accrue until the

conviction or sentence has been invalidated.   Heck 512 U.S. at

489-90; Gibson, 411 F.3d at 447.   However, the statute of

limitations on claims not deferred under Heck accrues at the time

---

[1] The Fifth Amendment provides, in part, that no person
"shall be compelled in any criminal case to be a witness against
himself."   U.S. Const. amend. V.

[2] "To safeguard the uncounseled individual's Fifth Amendment
privilege against self-incrimination, the Miranda Court held,
suspects interrogated while in police custody must be told that
they have a right to remain silent, that anything they say may be
used against them in court, and that they are entitled to the
presence of an attorney, either retained or appointed, at the
interrogation."   Thompson v. Keohane, 516 U.S. 99, 107 (1995);
see also Miranda v. Arizona, 384 U.S. 436 (1966).

of the arrest, search, seizure or custodial interrogation.[3]

Heck, 512 U.S. at 489-90; Gibson, 411 F.3d at 447-52; Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). Thus, in Heck, the Supreme Court directed district courts to determine in each case whether a particular § 1983 claim is deferred because a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, or whether accrual of the claim is not deferred. Heck, 512 U.S. at 487; Gibson, 411 F.3d at 447.

In this case, each of Plaintiff's claims is either barred by Heck (because a judgment in his favor would necessarily imply the invalidity of his conviction) or barred by the statute of limitations (because the claim accrued in 2000 and the statute of limitations expired in 2002). Plaintiff seeks damages for the constitutional tort of malicious prosecution and for the allegedly unconstitutional search, seizure and custodial interrogation. To state a prima facie case for a § 1983 claim of

---

[3] The statute of limitations on claims under 42 U.S.C. § 1983 is governed by New Jersey's two-year limitations period for personal injury. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Montgomery, 159 F.3d at 126; Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). Under federal law governing the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)).

malicious prosecution, a plaintiff must establish that the criminal prosecution terminated in his favor.  See Heck, 512 U.S. 484-490; Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v. McLaughlin, 163 F.3d 169, 172-74 (3d Cir. 1998); Gallo v. City of Philadelphia, 161 F.3d 217, 222-25 (3d Cir. 1998).  Plaintiff's malicious prosecution claim has not accrued because, according to the facts alleged in the Complaint, the criminal prosecution has not terminated in his favor.  Heck, 512 U.S. 484-490.

Whether accrual of Plaintiff's claims regarding the constitutionality of the search, seizure and custodial interrogation is deferred under Heck is a more difficult question.  See Gibson, 411 F.3d at 448 ("Fourth Amendment claims can be brought under § 1983, even without favorable termination, if the district court determines that success on the § 1983 claim would not necessarily imply the invalidity of the conviction").  However, the Court need not determine whether Plaintiff's Fourth and Fifth Amendment claims necessarily imply the invalidity of his conviction.  If the claims are not deferred by Heck, then they accrued in May 2000 and they are barred by the statute of limitations, which expired in May 2002.  Under these circumstances, the Court is constrained to dismiss the Complaint in its entirety.

## IV.   CONCLUSION

The Court grants Plaintiff's application to file the

Complaint in forma pauperis and dismisses the Complaint.

GARRETT E. BROWN, JR., Chief Judge

Dated:   SEPTEMBER 30, 2005

11